[No. 11363.    Department One.    November 5, 1913.]

PUGET SOUND ELECTRIC RAILWAY, *Respondent*, v. CARSTENS PACKING COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT. Upon a substantial conflict in the evidence, the verdict will not be disturbed on appeal.

EVIDENCE—MATERIALITY—CAUSE OF WRECK—METHOD OF LOADING CARS. In an action by an electric railway company to recover for repairing cars for the defendant, in which the defendant counterclaimed, claiming that the cars were wrecked through the fault of the plaintiff and their contents injured, an offer by defendant to prove that the plans of the cars had been approved by the plaintiff, is properly rejected, where the approval was given long before the wreck, and where the plaintiff's traffic manager had complained that the defendant's cars were not being properly loaded, and the loading was done without plaintiff's intervention.

[1]Reported in 136 Pac. 117.

SAME—SIMILAR OCCURRENCES. In such a case, evidence that the defendant's cars, loaded in the same way, were handled by a steam railroad, is inadmissible, where the conditions on such road were not the same as upon plaintiff's electric railway.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 8, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Fletcher & Evans*, for appellant.

*J. A. Shackleford* and *F. D. Oakley*, for respondent.

CHADWICK, J.—Plaintiff brought this action to recover the sum of $565.70, for repairing certain cars belonging to the defendant, and which were damaged in a wreck on plaintiff's road. Defendant counterclaimed, setting up that the cars were, when damaged, in the exclusive control of the plaintiff; that the wreck was caused through the fault of the plaintiff, and asked damages for the meat products with which the cars were loaded, in the sum of $1,034.88. Upon issue fairly joined, and under instructions that were not excepted to, a jury found in favor of plaintiff, upon which judgment was entered, and defendant has appealed.

Contending that there is no evidence to sustain the verdict, counsel invites us to review the testimony. This we have done, and find a substantial conflict. Under the settled practice in this court, the verdict of a jury in such cases will not ordinarily be disturbed, nor will a judgment be ordered *non obstante veredicto.*

Appellant sought to show that the plans of the cars were approved by the plaintiff through its officers at the time they were constructed. The offer was excluded by the court for the reason that the approval, if given, was given long before the cars were wrecked. This ruling was correct, when considered in the light of the undisputed fact that respondent's traffic manager had complained that the cars handled by the company for appellant were not being loaded properly,

in that the loads were insufficiently braced, and that respondent would decline further shipments unless the fault was corrected. The traffic manager testified that appellant promised to thereafter load the cars with sufficient braces to prevent any side motion of the loads, which consisted of halves of beef suspended from the roof of the car. Appellant's agent denied that he had so promised, but the jury has settled the dispute in favor of respondent. When the further fact that the cars were loaded and sealed without the intervention of the respondent is considered, it is certain that the court was without fault in rejecting the offer.

It is also assigned as error that the court refused to permit a witness to testify that the Great Northern Railway company had handled the cars in controversy over another track on an average of once a month, for at least two years, the manner of loading being the same. No attempt was made to show that conditions were at all similar. Any inference which the jury might draw from the fact, if proven, would not have had the sustaining grace of indicating a probability. On the other hand, the record affirmatively shows that very few roads "have the conditions that we (respondent) have in the operation of cars. The curves are greater here and their conditions of side wash are not so great as on this road."

Other errors are assigned on the admission of testimony. The matters complained of were competent. The objections, in our judgment, go to the weight rather than to the materiality of the testimony, and it was properly admitted.

We find the remaining assignments without merit, in the light of the verdict.

The judgment is affirmed.

CROW, C. J., GOSE, MAIN, and ELLIS, JJ., concur.